Kenneth N. RAISANEN, Relator,

v.

COUNTY OF HENNEPIN, Respondent.

No. A03–1699.

Supreme Court of Minnesota.

May 6, 2004.

Amy Klobuchar, Hennepin County Attorney, Robert T. Rudy, Senior Assistant County Attorney, Minneapolis, for Respondent.

Kenneth N. Raisanen, Greenfield, MN, Pro Se, for Relator.

## OPINION

PAGE, Justice.

This case requires us to decide whether the Minnesota Tax Court erred when it denied relator Kenneth Raisanen's motion for costs and disbursements after the tax court ordered the Hennepin County Assessor to reclassify certain property owned by Raisanen to reflect that it was entitled to green acres treatment.

On February 21, 2002, Raisanen filed a chapter 278 tax petition challenging Hennepin County's assessment for property taxes payable in 2002 for his property located at 7835 Woodland Trail in Greenfield, Minnesota. Raisanen alleged that the classification of the property was incorrect because the county did not grant the property green acres treatment.[1] The petition further alleged that, because of this classification error, the estimated market value of the property was greater than the actual market value, and the property was unequally assessed.

On December 13, 2002, the county sent Raisanen a letter indicating that it would grant green acres treatment to the property for both tax year 2001 and the year in question in this matter, 2002. On February 7, 2003, the county formally tendered a settlement offer to Raisanen. In that offer, the county offered to grant the property green acres treatment thereby reducing its taxable market value from $187,900 to $89,400. Raisanen did not respond to the offer and, on March 31, 2003, the tax court held a hearing on the petition. The tax court issued its decision on April 11, 2003. *See Raisanen v. County of Hennepin*, No. 29104, 2003 WL 1877346 (Minn. T.C. Apr. 11, 2003). The decision ordered the assessor to reclassify the property to reflect green acres treatment. *Id.* at *1. In its decision, the tax court noted that, "This is a final order. A stay of 15 days is hereby ordered." *Id.*

On July 18, 2003, Raisanen filed a motion seeking $32,836.20 in costs and disbursements. On October 9, the tax court denied Raisanen's motion, finding: (1) that Raisanen's motion for costs and disbursements was not filed within 90 days of the final order as required by rule 8610.0150; and (2) that costs were barred by Minn. R.

[1] Minnesota Statutes § 273.111 (2002), also known as the "green acres" statute, provides property tax relief to land that is primarily devoted to agricultural use "and located on the fringes or amidst expanding urban areas." *Barron v. Hennepin County*, 488 N.W.2d 290, 291 (Minn.1992). Farmland that meets the requirements of the statute is valued for tax purposes with reference to the agricultural use of the land and not other potential uses of the land. *Id.* at 292 (quoting *Elwell v. County of Hennepin*, 301 Minn. 63, 66, 221 N.W.2d 538, 541 (1974)).

Civ. P. 68 and Minn.Stat. § 278.05, subd. 5 (2002), because Raisanen had declined the county's settlement offer and the tax court's final judgment was not more favorable than the county's offer. We granted Raisanen's petition for a writ of certiorari and now affirm.

■■■ We review tax court decisions to determine whether the tax court was without jurisdiction, whether the order of the tax court was not justified by the evidence or was not in conformity with the law, or whether the tax court committed any other error of law. Minn.Stat. § 271.10, subd. 1 (2002). With respect to the tax court's factual findings, our review is limited to " 'determining whether there is reasonable evidence to sustain the findings.' " *Morton Bldgs., Inc. v. Comm'r of Revenue,* 488 N.W.2d 254, 257 (Minn.1992) (quoting *Red Owl Stores, Inc. v. Comm'r of Taxation,* 264 Minn. 1, 9–10, 117 N.W.2d 401, 407 (1962)). We review the tax court's conclusions of law de novo. *Great Lakes Gas Transmission L.P. v. Comm'r of Revenue,* 638 N.W.2d 435, 438 (Minn.2002).

In contending that he is entitled to recover his costs and disbursements in this matter, Raisanen makes three arguments. First, he argues that the tax court erred when it denied his motion for costs and disbursements as untimely. Next, he argues that his right to recover costs is not barred by either rule 68 of the Minnesota Rules of Civil Procedure or Minn.Stat. § 278.05, subd. 5. Finally, he argues that he is entitled to costs under Minn. Stat § 15.472(a) (2002).

■■■ With respect to Raisanen's argument that his motion for costs and disbursements was timely, we conclude that the tax court did not err. In *Krech v. Commissioner of Revenue,* 557 N.W.2d 335, 343 (Minn.1997), we cited Minn. R. 8600.0300 (1995) and noted that, except as "modified or amended" by the rules of the

tax court, the Minnesota Rules of Civil Procedure govern tax court procedure. Rule 8600.0300 was repealed in 1996, and was not replaced by an analogous provision. Thus, the rules of civil procedure are now only applicable in tax court when the rules of tax court procedure indicate that they apply. The rules of tax court procedure address requests for costs and disbursements and are dispositive in this case. Rule 8610.0150 provides, "No later than 90 days after the date of the final order of the tax court, a party may file a motion that costs and disbursements * * * be included in the judgment in the case of a real estate tax appeal under Minnesota Statutes, chapter 278." The rule also requires that the moving party file an affidavit with the tax court itemizing the costs and disbursements at issue. Minn. R. 8610.0150. Here, the record is clear that Raisanen's motion for costs and disbursements was filed on July 18, 2003, more than 90 days after April 11, 2003, the date of the tax court's final order. Moreover, the motion as filed was not accompanied by the affidavit required by the rule. Therefore, under a plain reading of rule 8610.01050, we conclude that the trial court properly denied as untimely Raisanen's motion for costs and disbursements. Having concluded that Raisanen's motion was properly denied as untimely, we need not reach Raisanen's other arguments. The decision of the tax court is affirmed.

Affirmed.

ANDERSON, RUSSELL A., J., took no part in the consideration or decision of this case.