STATE OF MINNESOTA

IN SUPREME COURT

A16-0423

Tax Court                                                                    Lillehaug, J.

STRIB IV, LLC fka Richard T. Burke I, LLC,

                    Relator,

vs.                                                            Filed:  November 9, 2016
                                                            Office of Appellate Courts

County of Hennepin,

                    Respondent.

_____

Paul W. Chamberlain, Ryan R. Kuhlmann, Chamberlain Law Firm, Wayzata, Minnesota, for relator.

Lori Swanson, Minnesota Attorney General, Saint Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Jane N.B. Holzer, Assistant County Attorney, Minneapolis, Minnesota, for respondent.

_____

S Y L L A B U S

1.      The word "individuals" as used in Minnesota's Green Acres statute, Minn. Stat. § 273.111 (2014), means "natural persons."

2.      Minnesota's Green Acres statute does not authorize a taxing authority to disregard a single-member limited liability company as an entity separate from its member.

Affirmed.

1

Considered and decided by the court without oral argument.

O P I N I O N

LILLEHAUG, Justice.

Hennepin County (the County) assessed real estate taxes on two properties in Medina (the Subject Properties) owned by STRIB IV, LLC (STRIB IV). STRIB IV submitted an application to the County to classify the Subject Properties under Minnesota's Green Acres statute, Minn. Stat. § 273.111 (2014). The County denied that application. The tax court affirmed the County's decision. Because we conclude the tax court correctly determined that STRIB IV is not entitled to Green Acres classification, we affirm.

The facts of this case are undisputed. STRIB IV is a single-member limited liability company (LLC) of which Richard T. Burke is the only member. Burke uses STRIB IV solely as a landholding entity to shield himself from personal liability. STRIB IV has owned the Subject Properties (which total 39.96 acres) in fee simple since November 2007. STRIB IV leases eight acres to an unspecified entity to produce hay, and two acres grow noncommercial apples. Burke does not live on the Subject Properties.

Burke personally owns eight parcels adjoining the Subject Properties, and owns a ninth adjoining parcel through another single-member LLC, Richard T. Burke II, LLC. Those nine parcels include 230 acres used for agriculture, and have Green Acres classification.[1]

---

[1]    According to the County, the Hennepin County Assessor's Office is re-evaluating the classification of the property owned by Richard T. Burke II, LLC.

2

STRIB IV applied to the County seeking Green Acres classification for the Subject Properties. The County denied the application,[2] and STRIB IV appealed to the tax court. The parties agreed that, with no factual disputes, the tax court only had to decide a single legal issue: whether the Green Acres statute "disregards" a single-member LLC as an entity separate from its owner. In other words, is land owned by an LLC like STRIB IV entitled to Green Acres classification? The tax court concluded that the statute does not disregard single-member LLCs. STRIB IV appealed that order by writ of certiorari.

## I.

STRIB IV argues that the tax court erred when it concluded, as a matter of law, that land owned by a single-member LLC such as STRIB IV is not eligible for Green Acres classification. We review de novo whether the tax court committed an error of law, such as an erroneous interpretation of a statute. *ILHC of Eagan, LLC v. Cty. of Dakota*, 693 N.W.2d 412, 418-19 (Minn. 2005).

The Green Acres statute "provides property tax relief to land that is primarily devoted to agricultural use 'and located on the fringes or amidst expanding urban areas.' " *Raisanen v. Cty. of Hennepin*, 678 N.W.2d 669, 670 n.1 (Minn. 2004) (quoting *Barron v. Hennepin Cty.*, 488 N.W.2d 290, 291 (Minn. 1992)). Property classified under the Green Acres statute is valued "solely with reference to its appropriate agricultural classification," rather than according to its market value. Minn. Stat. § 273.111, subd. 4(a).

---

[2]    *See STRIB IV, LLC v. Cty. of Hennepin*, No. 27-CV-12-11344, 2016 WL 561916, at \*1 n.2 (Minn. T.C. Feb. 8, 2016) ("The parties have not provided us with a recitation of the events culminating in the petition that initiated this appeal . . . . [W]e assume STRIB IV timely so applied and the County denied the application.").

The Minnesota Legislature included a directive that the Green Acres statute "shall be broadly construed to achieve its purpose." *Id.*, subd. 12. That purpose is as follows: "The legislature finds that it is in the interest of the state to encourage and preserve farms by mitigating the property tax impact of increasing land values due to nonagricultural economic forces." *Id.*, subd. 2a.[3]

The statute specifies, in relevant part, what land qualifies for Green Acres tax classification:

> Valuation of real estate under this section is limited to parcels owned by individuals except for:
>    (1) a family farm entity or authorized farm entity regulated under section 500.24;
>    (2) an entity, not regulated under section 500.24, in which the majority of the members, partners, or shareholders are related and at least one of the members, partners, or shareholders either resides on the land or actively operates the land; and
>    (3) corporations that derive 80 percent or more of their gross receipts from the wholesale or retail sale of horticultural or nursery stock.
> The terms in this paragraph have the meanings given in section 500.24, where applicable.

*Id.*, subd. 3(b). An "authorized farm entity," in turn, includes family farms, family farm corporations, family farm trusts, authorized farm corporations, authorized livestock farm corporations, family farm partnerships, authorized farm partnerships, family farm LLCs, and authorized farm LLCs. *See* Minn. Stat. § 500.24, subd. 3(a) (2014) (citing Minn. Stat.

---

[3]     To achieve the statute's purpose, under certain conditions separate parcels—such as Burke's eight adjoining parcels—can be grouped together for Green Acres classification. Minn. Stat. § 273.111, subd. 3(a)(2). The parties agree that if we were to rule for STRIB IV, the Subject Properties would qualify for Green Acres classification because they could be grouped with the adjoining parcels.

4

§ 500.24, subds. 2(b)-(f) and (j)-(m) (2014)).

Because STRIB IV does not argue that it is a family farm LLC or authorized farm LLC, the issue here is whether the phrase "owned by individuals" encompasses parcels owned by single-member LLCs such as STRIB IV. Minn. Stat. § 273.111, subd. 3(b). The goal of statutory interpretation is to effectuate the intent of the Legislature. Minn. Stat. § 645.16 (2014); *Brayton v. Pawlenty*, 781 N.W.2d 357, 363 (Minn. 2010). We begin our analysis "by determining whether the plain language of the statute clearly and unambiguously requires a particular result in this case." *Marks v. Comm'r of Revenue*, 875 N.W.2d 321, 325 (Minn. 2016). "When the words of a law in their application to an existing situation are clear and free from all ambiguity," we must give effect to the plain meaning of the law. Minn. Stat. § 645.16; *accord Am. Tower, L.P. v. City of Grant*, 636 N.W.2d 309, 312 (Minn. 2001). A statute is ambiguous only if, as applied to the facts of the case, it is susceptible to more than one reasonable interpretation. *Staab v. Diocese of St. Cloud*, 813 N.W.2d 68, 72-73 (Minn. 2012).

"In construing the meaning and scope of a statute, the words of the statute govern and are given their common and approved usage." *Chapman v. Comm'r of Revenue*, 651 N.W.2d 825, 831 (Minn. 2002). According to the weight of dictionary authority, the most common usage of "individual" is to mean a single natural person. *See, e.g.*, *New Oxford American Dictionary* 885 (2010) ("[A] single human being as distinct from a group, class, or family."); *American Heritage Dictionary of the English Language* 895 (5th ed. 2011) ("A single human considered apart from a society or community.").

5

We conclude that the Green Acres statute adopted the common usage of the word "individual" to mean a natural person. We must interpret each section of a statute in light of the surrounding sections. *Am. Family Ins. Grp. v. Schroedl*, 616 N.W.2d 273, 277 (Minn. 2000). Here, the sections immediately surrounding subdivision 3(b) of the Green Acres statute use the word "individual" in the context of a natural person. Under subdivision 3a(c), real estate may continue to qualify for Green Acres classification if it is "transferred from a family farm [LLC] upon its termination to a *son or daughter of an individual* who had an ownership interest in the company." Minn. Stat. § 273.111, subd. 3a(c) (emphasis added). We doubt that, in referring to the sons and daughters of individuals, the Legislature was referring to subsidiaries of corporate entities. Similarly, under subdivision 3(a)(3), real estate qualifies for Green Acres classification if it "is the *homestead of an individual who is part of an entity* described in paragraph (b), clause (1), (2), or (3)." *Id.*, subd. 3(a)(3) (emphasis added). These uses of "individual"—and the fact that the statute distinguishes individuals from entities—only make sense as references to natural persons.

Thus, a plain reading of the Green Acres statute offers only one reasonable interpretation: "individuals" are natural persons. STRIB IV is not a natural person.

## II.

STRIB IV next argues that the statute's silence with respect to single-member LLCs such as STRIB IV creates an ambiguity,[4] and that the court should invoke the "broadly

---

[4] STRIB IV never argues that the word "individual" is ambiguous. Rather, as will be discussed below, STRIB IV's ambiguity argument is that the statute is silent as to how to

6

construed" directive within the statute, along with principles of tax law, to disregard single-member LLCs. Minn. Stat. § 273.111, subd. 12. These arguments lack merit.

A.

"[S]ilence in a statute regarding a particular topic does not render the statute unclear or ambiguous unless the statute is susceptible of more than one reasonable interpretation." *Premier Bank v. Becker Dev., LLC*, 785 N.W.2d 753, 760 (Minn. 2010). Ambiguity through statutory silence is rare; we have identified it only twice. *MBNA Am. Bank, N.A. v. Comm'r of Revenue*, 694 N.W.2d 778 (Minn. 2005);[5] *Burkstrand v. Burkstrand*, 632 N.W.2d 206 (Minn. 2001).[6]

Since *Burkstrand* and *MBNA*, we have repeatedly emphasized the high bar for ambiguity through statutory silence. In *Beardsley v. Garcia*, we noted, "In both *Burkstrand* and *MBNA*, the relevant statutes were *completely silent* on the contested issues . . . ." 753 N.W.2d 735, 739 (Minn. 2008). We declined to apply the ambiguity-by-silence

---

treat single-member LLCs.

[5]    In *MBNA*, we analyzed the interplay between a tax assessment statute, Minn. Stat. § 289A.37, subd. 1(a) (2004), and the Minnesota Taxpayers' Bill of Rights, Minn. Stat. § 270.0603, subd. 1 (2004). The former statute authorized the Commissioner of Revenue to issue a tax assessment order. The latter required the Commissioner to provide an explanatory notice with any statement to a taxpayer regarding the determination or collection of a tax. However, the latter statute did not specify what would happen if the Commissioner failed to provide such notice, and we found that the statutory silence created ambiguity. *MBNA*, 694 N.W.2d at 782.

[6]    In *Burkstrand*, we analyzed Minnesota's Domestic Abuse Act, Minn. Stat. § 518B.01 (2000), which required a hearing within one to two weeks on an ex parte order for temporary custody of a child, depending on certain circumstances. Because the statute did not specify what would happen if the hearing occurred outside that timeframe, we concluded the statutory silence created an ambiguity. *Burkstrand*, 632 N.W.2d at 210.

7

principle "where a general grant of statutory authority . . . already exists." *Id.*; s*ee also Rohmiller v. Hart*, 811 N.W.2d 585, 590 (Minn. 2012) (declining to apply ambiguity by silence because the statute was "not completely silent on the contested issue").

Here, the Green Acres statute is not completely silent on the issue of which persons or entities are entitled to have their properties receive the Green Acres classification. It specifically identifies eligible properties, including those owned by certain LLCs,[7] but does not include properties owned by single-member LLCs such as STRIB IV. Minn. Stat. § 273.111, subd. 3(b). The sole reasonable interpretation of the statute is that only property owned by the listed persons or entities can qualify for Green Acres classification. STRIB IV does not qualify.

## B.

Next, STRIB IV argues that the court can use the Green Acres statute's "broadly construed" directive to extend Green Acres classification to properties owned by single-member LLCs. Minn. Stat. § 273.111, subd. 12. A broad construction cannot be employed to enlarge a statute's reach in the face of unambiguous language, however. *See Billion v. Comm'r of Revenue*, 827 N.W.2d 773, 778 (Minn. 2013); *Krueger v. Zeman Constr. Co.*, 781 N.W.2d 858, 863-64 (Minn. 2010).

In *Krueger*, a case strikingly similar to this one, we declined to add to an unambiguous statute's language, despite the statute's directive that it be construed broadly. The individual plaintiff and her single-member LLC sued under the Minnesota Human

---

[7] We do not address whether a single-member LLC could otherwise qualify as one of the listed legal entities under section 273.111, subdivision 3(b).

Rights Act, which penalizes sex discrimination in the "performance of the contract." Minn. Stat. § 363A.17 (2014). But only the single-member LLC was a party to the contract. *Krueger*, 781 N.W.2d at 860. Despite the statute's directive that it be "construed liberally," Minn. Stat. § 363A.04 (2014), we affirmed the dismissal of the individual plaintiff's claim, distinguishing between the natural person and the legal entity. 781 N.W.2d. at 862-64. We reasoned that, because the unambiguous statute offered a cause of action only to the LLC, we could not "add provisions to the statute," 781 N.W.2d at 864, despite the statute's "remedial nature," *id.* at 863 (citation omitted).

Likewise, the Green Acres statute, as applied here, is unambiguous. It limits eligibility for Green Acres classification to real estate owned by "individuals" (natural persons) and a specified list of legal entities that does not include single-member LLCs such as STRIB IV. Minn. Stat. § 273.111, subd. 3(b). Thus, we cannot accept STRIB IV's invitation to apply the "broadly construed" directive to adopt an unreasonable interpretation that would add to the statute's list of eligible classes.[8] Accordingly, neither an ambiguity-through-silence theory nor invocation of the "broadly construed" directive has merit.

---

[8]     We invoked the Green Acres statute's "broadly construed" directive in *Reiss Greenhouses, Inc. v. Cty. of Hennepin*, 290 N.W.2d 785, 788 (Minn. 1980). However, *Reiss Greenhouses* analyzed a previous version of the statute. Since then, the Legislature has amended the statute four times with increasing specificity regarding the types of entities that can own property eligible for Green Acres classification.

9

C.

STRIB IV next argues that, because single-member LLCs are generally disregarded for tax purposes, the Legislature did not need to list them in the Green Acres statute. The County responds that the Legislature and the Minnesota Department of Revenue have narrowly specified, and thus limited, when single-member LLCs are disregarded, and that neither did so in relation to the Green Acres statute. We agree.

When the Legislature wants a statute to disregard single-member LLCs as separate entities, it specifically says so. For example, section 272.02, regarding exempt property, states that "property owned or operated by a limited liability company consisting of a sole member shall be treated as if owned or operated by that member." Minn. Stat. § 272.02, subd. 35 (2014). That subdivision specifically limits itself, however, to "the exemptions granted by subdivisions 1 to 33." *Id.* The Green Acres statute is not within that list of exemptions.

For federal income tax purposes, a non-corporate business entity "with a single owner can elect to be . . . disregarded as an entity separate from its owner." 26 C.F.R. § 301.7701-3(a) (2016). The Minnesota income tax statute follows the federal law, but only as to chapters 289A and 290. *See* Minn. Stat. § 290.01, subd. 3b (2014). The Green Acres statute is not in either chapter.[9]

---

[9] Similarly, the Minnesota Department of Revenue has stated that it "will follow elections made by eligible domestic and foreign entities pursuant to . . . federal regulations," but limits that rule to "income and corporate franchise tax[es]." Minn. Dep't of Revenue Notice No. 13-08 (Dec. 23, 2013). The Green Acres statute deals with property taxes, not income or corporate franchise taxes.

In sum, the Legislature has explicitly stated when a taxing authority may disregard a single-member LLC. There is no such statement in or referring to the Green Acres statute. We decline to do what the Legislature has not done.

D.

Finally, STRIB IV argues that not disregarding a single-member LLC produces an absurd result. We presume that the Legislature did not intend an absurd result. Minn. Stat. § 645.17(1) (2014). We interpret a statute according to its purpose rather than its plain meaning only in the "exceedingly rare case in which the plain meaning of the statute 'utterly confounds' the clear legislative purpose of the statute." *Schatz v. Interfaith Care Ctr.*, 811 N.W.2d 643, 651 (Minn. 2012) (quoting *Weston v. McWilliams & Assocs., Inc.*, 716 N.W.2d 634, 639 (Minn. 2006)); *see Wegener v. Comm'r of Revenue*, 505 N.W.2d 612, 617 (Minn. 1993). We have had only one such case: *Wegener v. Comm'r of Revenue*, 505 N.W.2d at 617.

STRIB IV's absurdity argument fails. Burke has chosen not to live on or primarily farm the Subject Properties. Moreover, he has opted to reduce his exposure to personal liability by holding certain parcels, including the Subject Properties, in corporate form. Although Burke's personal and business choices mean that the Subject Properties will not receive Green Acres classification, the purpose of the statute is not "utterly confounded." The result required by the Green Acres statute's plain language is not absurd.

Therefore, STRIB IV's Subject Properties do not qualify for Green Acres classification. We affirm the tax court's order.

Affirmed.