Ronald R. and Dee L. JOHNSON,
Relators,

v.

COUNTY OF HENNEPIN, Respondent.

A17-0419

Supreme Court of Minnesota.

Filed: November 8, 2017

Rehearing Denied Dec. 19, 2017

Ronald R. Johnson and Dee L. Johnson, Excelsior, Minnesota, pro se.

Michael O. Freeman, Hennepin County Attorney, Jane N.B. Holzer, Assistant County Attorney, Minneapolis, Minnesota, for respondent.

## OPINION

GILDEA, Chief Justice.

Relators Ronald and Dee Johnson (the "Johnsons") initiated this action, which challenges the property taxes that Hennepin County (the "County") assessed against their property. The tax court denied relief to the Johnsons and they appeal. Because we conclude that the tax court did not err, we affirm.

## FACTS

On April 30, 2014, the Johnsons filed a petition challenging the County's assessments of their real property for tax years 2007 through 2013. In addition to the assessment challenges, the Johnsons asserted a variety of constitutional claims. The tax court granted the County's motion to dismiss the petition for tax years 2007 through 2012 because those claims were not filed in compliance with Minn. Stat. §§ 278.01–.02 (2016), which require that a petition not contain more than one assess-

ment date and that it be filed on or before April 30 of the year in which the tax becomes payable. The tax court dismissed the constitutional claims because the court concluded that it had no jurisdiction over the claims and could not gain jurisdiction through an "*Erie* Shuffle."[1] In an order filed October 23, 2015, we concluded that the tax court's decisions on both issues were "correct[ ]." *Johnson v Cty. of Hennepin*, No. A15-1339, Order at 5 (Minn. filed Oct. 23, 2015).

In an order filed April 4, 2016, the tax court resolved the merits of the Johnsons' remaining claims, challenging the assessment for the 2013 tax year, in favor of the County. *Johnson v. Cty. of Hennepin*, No. 27-CV-14-07031, 2016 WL 1399315 (Minn. T.C. Apr. 4, 2016). Specifically, the tax court held that the Johnsons had failed to overcome the prima facie validity of the County's assessed value of their property, *see* Minn. Stat. § 271.06, subd. 6 (2016), and that they did not meet their evidentiary burden to prove unequal assessment. *Johnson*, 2016 WL 1399315, at *4. The tax court also concluded that although the subject property qualified for Green Acres classification,[2] it did not qualify as homestead property. *Id.* at *5. The tax court also rejected the Johnsons' assertion that Dee Johnson had not received sufficient service of the court's scheduling order. *Id.* at *3.

Thereafter, the Johnsons brought a series of post-trial motions, including a motion

---

1. The "*Erie* Shuffle" is a procedural mechanism by which the tax court can acquire the authority to adjudicate constitutional components of tax claims by referring the claims to the district court, and if the district court decides not to retain them, it transfers them back to the tax court for decision. *See Wilson v. Comm'r of Revenue*, 619 N.W.2d 194, 199–200 (Minn. 2000); *Erie Mining Co. v. Comm'r of Revenue*, 343 N.W.2d 261, 264 (Minn. 1984).

2. The Green Acres classification provides property tax relief for owners of agricultural property in areas where the market value of land is affected by nonagricultural factors. *See STRIB IV, LLC v. Cty. of Hennepin*, 886 N.W.2d 821, 823–24 (Minn. 2016). The landowners must meet the requirements under Minn. Stat. § 273.111, subd. 3 (2016) to qualify for this relief.

for a new trial, three separate motions for rehearing, and a motion to transfer the case to the district court. The tax court denied all of these motions.[3]

## ANALYSIS

The Johnsons seek review in our court under Minn. Stat. § 271.10 (2016) (providing for "review of any final order of the Tax Court ... upon certiorari by the Supreme Court"). The Johnsons appeal the tax court's April 4, 2016 order and "all tax court decisions." We interpret the Johnsons' appeal to include the April 4, 2016 order and the tax court's denial of the Johnsons' five post-trial motions.

█ To the extent that the Johnsons also attempt to appeal the tax court's ruling granting the County's motion to dismiss in part, which dismissed the claims for tax years 2007 through 2012 and the constitutional claims, we previously upheld those tax court rulings. *Johnson v. Cty. of Hennepin*, No. A15-1339, Order (Minn. filed Oct. 23, 2015). Accordingly, we will not consider them again here. *See Erickson v. State*, 842 N.W.2d 314, 320 (Minn. 2014) ("Absent a compelling reason, we will not reconsider a claim that we have previously rejected in the same case."). To the extent that the Johnsons raise arguments about a different tax case, *Johnson v. Hennepin Cty.*, No. 27-CV-15-20952 (Henn. Cty. Dist. Ct. filed Dec. 8, 2016), we will not consider those arguments, as that case is not before us on appeal. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (explaining that a reviewing court must generally consider only those issues that the record demonstrates have been pre-

sented and considered below). Finally, the Johnsons raise arguments that apparently relate to their decades-old dispute with the City of Shorewood. *See Johnson v. City of Shorewood*, No. CX-93-2452, 1994 WL 193829 (Minn. App. May 11, 1994) (resolving an inverse-condemnation claim), *rev. denied* (Minn. July 15, 1994). These arguments likewise are not properly before us in the appeal from the County's property tax assessment, and therefore we do not consider them. *See Thiele*, 425 N.W.2d at 582.

█ With respect to the matters that are properly before us (the April 4, 2016 order and the orders denying the five post-trial motions), our review of the tax court's decisions is limited and deferential. *Cont'l Retail, LLC v. Cty. of Hennepin*, 801 N.W.2d 395, 398 (Minn. 2011); *see also* Minn. Stat. § 271.10 ("[R]eview may be had on the ground that the Tax Court was without jurisdiction, that the order of the Tax Court was not justified by the evidence or was not in conformity with law, or that the Tax Court committed any other error of law."). Specifically, we "review tax court decisions to determine whether the tax court lacked subject matter jurisdiction, whether the tax court's decision is supported by evidence in the record, and whether the tax court made an error of law." *Hohmann v. Comm'r of Revenue*, 781 N.W.2d 156, 157 (Minn. 2010).

We have thoroughly reviewed the record, the tax court's April 4, 2016 order, and the court's decisions denying the five post-trial motions (the motion for a new trial, three motions for rehearing, and the

3. *Johnson v. Cty. of Hennepin*, No. 27-CV-14-07031, Order (Minn. T.C. filed Aug. 24, 2016) (order denying Dee Johnson's motion for a new trial); *Johnson v. Cty. of Hennepin*, No. 27-CV-14-07031, Order (Minn. T.C. filed Sept. 8, 2016) (order denying Ronald Johnson's motion for rehearing); *Johnson v. Cty. of Hen-*

*nepin*, No. 27-CV-14-07031, Order (Minn. T.C. filed Sept. 8, 2016) (order denying Dee Johnson's motion for rehearing); *Johnson v. Cty. of Hennepin*, No. 27-CV-14-07031, 2017 WL 663148 (Minn. T.C. Feb. 3, 2017) (order denying Ronald Johnson's motions for transfer and rehearing).

motion to transfer). Based on our review, we conclude that the tax court had jurisdiction, and we discern no error of law. Our careful review also demonstrates that the evidence in the record adequately supports each of the tax court's decisions at issue.

## CONCLUSION

For the foregoing reasons, we affirm the decisions of the tax court.

Affirmed.