HUGO B. VICTOR v. DONALD M. SELL AND OTHERS.

222 N. W. 2d 337.

October 4, 1974—No. 44400.

310

*Berde, Leonard & Weinblatt, Alan W. Weinblatt,* and *Richard E. Leonard,* for appellant.

*Altman, Geraghty, Mulally & Weiss, James W. Kenney,* and *Frank Abramson,* for respondents.

Heard before Otis, Peterson, and Todd, JJ., and considered and decided by the court en banc.

PETERSON, JUSTICE.

This is an appeal by the plaintiff in a personal injury action from an order of the district court denying plaintiff's motion for a new trial. Plaintiff, who tried the case primarily on a theory of trespass, contends on appeal that the trial court erred in three respects: In defining trespass, in explaining intent, and in giving any instructions at all on contributory negligence, and assumption of risk. We affirm.

Plaintiff, Hugo Victor, and defendants Donald and Estelle Sell are next-door neighbors. During the weekend of February 6, 1971, the plumbing in the Sell house froze. In the course of repairing the plumbing in the following weeks, employees of defendant St. Paul Plumbing and Heating Company threw or placed dismantled radiators and radiator parts outside the house. On February 16, 1971, while the plumbing repairs were underway at the Sell home, plaintiff placed a ladder against his own home and climbed to the roof to remove excess snow and ice from the low areas to avert leakage. The ladder was located on the side of the house facing the Sell house. After working on the roof for some time, his chest level with the roof about 24 feet above the

ground, plaintiff suddenly felt a bolus of snow hit his chest and fell backward onto the ground. He landed on his back in the snow, his left leg striking a piece of radiator or a radiator leaf beneath the snow. The evidence was disputed as to whether the radiator piece was on plaintiff's property or on defendants' property. As a result of the fall, plaintiff sustained a fractured femur requiring traction and surgery and accompanied by a number of complications. The orthopedic surgeon who treated plaintiff testified that in his opinion, to a reasonable medical certainty, the injury would not have been so severe if plaintiff had not struck a hard unyielding object.

Although plaintiff's pleadings initially advanced several theories, at trial plaintiff presented the case primarily as one of trespass caused by defendants' throwing or placing the radiator upon his property. After considerable discussion with counsel, the trial court instructed the jury on trespass, intent, contributory negligence, and assumption of risk. The jury then answered the interrogatories contained in the special verdict as follows:

"QUESTION 1: Did the Defendants commit a trespass upon the property of the Plaintiff, Hugo B. Victor?

ANSWER: No.

"QUESTION 2: If you answer Question 1 'yes' then answer this question: Was the trespass an intentional act?

ANSWER: —

"QUESTION 3: Were the Plaintiff's injuries caused as a result of the trespass?

ANSWER: No.

"QUESTION 4: At and immediately prior to the accident of February 16, 1971, was the Plaintiff, Hugo B. Victor, negligent?

ANSWER: Yes.

"QUESTION 5: If you answer Question 4 'yes' then answer this question: Was such negligence which you so find a direct cause of the accident?

ANSWER: Yes.

"QUESTION 6: At and immediately prior to the accident of February 16, 1971, did the Plaintiff, Hugo B. Victor, assume the risk of climbing the ladder?

ANSWER: Yes.

No matter what your answers are to the preceding questions, you will answer the following question:

"QUESTION 7: As a result of the trespass, the Plaintiff, Hugo B. Victor, suffered damages for his personal injuries, loss of earning capacity, hospital and medical expenses in the amount of:

ANSWER: $ Zero".

Plaintiff's initial argument of error in the definition of trespass is focused primarily upon the trial court's failure to instruct on the elements of trespass as set out in certain sections of Restatement, Torts 2d. Plaintiff also asserts that the trial court failed to instruct that any unauthorized entry upon the premises of another by any instrumentality is a trespass and therefore the jury did not know that a trespass could be committed without a physical intrusion by the trespasser. He thus contends that the charge as a whole failed to inform the jury of all the elements of a trespass.

The trial court did instruct the jury that the first issue in the case was "whether or not a trespass did occur by reason of the fact of the radiators being thrown and landing or resulting to be on the property owned by the Plaintiffs." The court also gave the following further instructions:

"Now, as you have heard from the arguments of counsel, and as the Court has previously indicated to you in your instructions, this particular case involves a factual dispute which must be resolved by the jury as to whether or not a trespass did occur at and immediately prior to this accident of February 16, 1971. Now, in that connection I'm going to read for you a definition of the word intent or intentionally, and you must adopt and use and follow this definition and apply it as it may be applicable in any other portions of my instructions or in connection with your consideration of the facts.

"Intent or intentionally means that the actor desires to cause consequences of his act or that he believes that the consequences are substantially certain to result from it. A trespasser is liable for any personal injuries resulting directly from the trespass and which are a consequence of the trespass. Any unauthorized entry upon the premises of another is a trespass.

"If you find that the radiator was intentionally thrown or placed on Plaintiff's property by Defendants then that act constitutes a trespass. If you find that the throwing or placing of the radiator upon Plaintiff's property was an unintentional and non-negligent entry on the land by the Defendants then the Plaintiff is not entitled to recover damages even though the entry may have caused him personal injury.

"The Plaintiff, Hugo Victor, has the burden of proof by a fair preponderance of the evidence that the Defendants intentionally entered the land of the Plaintiff by throwing or depositing the radiator upon the Plaintiff's property, and allowing it to remain or failing to remove it therefrom."

We believe that these instructions were sufficient. Although they may not contain the specific statement that a trespass may be committed by throwing or placing an object upon the property of another—see, e. g., Whittaker v. Stangvick, 100 Minn. 386, 111 N. W. 295 (1907); Muenkel v. Muenkel, 143 Minn. 29, 173 N. W. 184 (1919)—they do convey the idea that the intentional throwing of the radiator upon plaintiff's property would constitute a trespass. It is true that the trial court did not comply with plaintiff's request to present to the jury verbatim certain sections of the Restatement, Torts 2d, specifically §§ 8A, 158, 160, 161. However, the relevant concept in § 158 [1] of the Restate-

---

[1] "§ 158. Liability for Intentional Intrusions on Land. One is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally

(a)   enters land in the possession of the other, or causes a thing or a third person to do so, or

ment was adequately presented to the jury, and nothing in the evidence raised an issue of trespass by failure to remove an object under § 160.[2] Furthermore, if there were no initial tortious trespass, there could be no trespass by failure to remove a chattel tortiously placed on the land under § 161.[3] And, despite plaintiff's argument that the trial court did not properly instruct on intent in accord with the Restatement, the court's definition of intent was taken literally from § 8A.[4]

Since the sole theory of liability upon which the jury was in-

---

(b)   remains on the land, or

(c)   fails to remove from the land a thing which he is under a duty to remove."

[2] "§ 160.   Failure to Remove Thing Placed on Land Pursuant to License or Other Privilege

A trespass may be committed by the continued presence on the land of a structure, chattel, or other thing which the actor or his predecessor in legal interest has placed on the land

(a)   with the consent of the person then in possession of the land, if the actor fails to remove it after the consent has been effectively terminated, or

(b)   pursuant to a privilege conferred on the actor irrespective of the possessor's consent, if the actor fails to remove it after the privilege has been terminated, by the accomplishment of its purpose or otherwise."

[3] "§ 161.   Failure to Remove Thing Tortiously Placed on Land

(1)   A trespass may be committed by the continued presence on the land of a structure, chattel, or other thing which the actor has tortiously placed there, whether or not the actor has the ability to remove it.

(2)   A trespass may be committed by the continued presence on the land of a structure, chattel, or other thing which the actor's predecessor in legal interest therein has tortiously placed there, if the actor, having acquired his legal interest in the thing with knowledge of such tortious conduct or having thereafter learned of it, fails to remove the thing."

[4] "§ 8A.   Intent.

The word 'intent' is used throughout the Restatement of this Subject to denote that the actor desires to cause consequences of his act, or that he believes that the consequences are substantially certain to result from it."

structed was trespass, the trial court erred in explaining contributory negligence and assumption of risk to the jury, indicating they might be defenses, and posing questions about them in the special verdict. Negligence on the part of the plaintiff is not a defense to an intentional tort. Nor, unless it amounts to consent, is assumption of risk. Prosser, Torts (3 ed.) §§ 18, 64, 67; 2 Harper and James, Law of Torts, § 22.5; Restatement, Torts 2d, §§ 481, 496A to 496G.

However, this error does not require a new trial, because the jury found that there was no trespass. In light of the conflicting evidence on the location of the radiator leaf, this finding reflects a determination that the radiator leaf was not on plaintiff's property and is certainly a permissible finding under the evidence. Since we cannot discern any way in which the error in instructing on negligence or assumption of risk could have affected the finding on trespass, we believe that the finding, given the propriety of the instructions on trespass, requires that the trial court be affirmed.

Affirmed.

MR. JUSTICE OTIS, following oral argument, took no part in the consideration of decision of this case.