STATE of Minnesota, Appellant,

v.

**Brandon Wayne RIGGS, Respondent.**

**No. A13–1189.**

Court of Appeals of Minnesota.

April 7, 2014.

Lori Swanson, Attorney General, St. Paul, Minnesota; and Karin Sonneman, Winona County Attorney, Winona, MN, for appellant.

Christine A. Ledebuhr, Winona, Minnesota; and Cathryn Middlebrook, Chief Appellate Public Defender, Chelsie Willett, Assistant Public Defender, St. Paul, MN, for respondent.

Considered and decided by PETERSON, Presiding Judge; HUDSON, Judge; and STAUBER, Judge.

## OPINION

PETERSON, Judge.

In this appeal from a restitution order, appellant State of Minnesota argues that the district court abused its discretion when it apportioned some of the fault for the victim's injuries to the victim and reduced the amount of restitution because the victim was the aggressor in the fight in which he was injured. We reverse and remand.

## FACTS

At a gas station, D.S. confronted respondent Brandon Riggs about the quality of some marijuana that respondent had sold him and/or about money that respondent owed him. D.S. wanted to fight respondent, but respondent got into his vehicle and drove about 15 minutes to an appointment at a chiropractor's office. D.S. followed him, and, in the vestibule of the chiropractor's office, started a fight by punching respondent in the head. During the fight, respondent stabbed D.S. with a knife in the leg and stomach.

Appellant State of Minnesota charged respondent with second-degree assault in violation of Minn.Stat. § 609.222, subd. 1 (2010), and later amended the complaint to include one count of terroristic threats in violation of Minn.Stat. § 609.713, subd. 1 (2010). Respondent pleaded guilty to the terroristic-threats charge, and the state dismissed the assault charge. During the plea hearing, respondent's counsel asked respondent whether he was "waiving [his] right to [claim] self-defense," and respondent replied, "Yes."

At his sentencing hearing, respondent requested a separate restitution hearing. At the restitution hearing, respondent agreed to pay all of D.S.'s out-of-pocket medical expenses and the full amount requested for repairs at the chiropractor's office. Respondent also agreed to the amount of the expenses that D.S. incurred to hire an employee to assist him at his job while he recovered from his injuries. But respondent requested that he be ordered to pay only one-half of these employment-related expenses because D.S. was the initial aggressor in the fight.

The district court ordered respondent to pay for repairs at the chiropractor's office and all of D.S.'s medical expenses not covered by insurance but only one-half of D.S.'s employment-related expenses. The district court concluded that, "[w]ithout considering any argument of self-defense or another affirmative defense, it is not an abuse of this Court's broad discretion to reduce the amount of restitution requested by apportioning some of the fault for the victim's injuries to the victim if the victim was the aggressor in the conflict." This appeal follows.

## ISSUE

Does Minn.Stat. § 611A.045, subd. 1(a), permit the district court to reduce the amount of a restitution award because the victim was the aggressor in the fight in which the victim was injured?

## ANALYSIS

■ Appellant argues that the district court did not have authority under the restitution statute to apportion fault at the restitution hearing and that the only factors that the district court could consider

when determining whether to award restitution and the amount of restitution were the factors set forth in the restitution statute. "A district court's order for restitution is reviewed under an abuse of discretion standard. But determining whether an item meets the statutory requirements for restitution is a question of law that is fully reviewable by the appellate court." *State v. Nelson,* 796 N.W.2d 343, 346–47 (Minn.App.2011) (quotation omitted).

" '[C]ourts have no inherent authority to impose terms or conditions of sentence for criminal acts.' Rather, the power to prescribe punishment for criminal acts is vested with the legislature and the judiciary may only impose sentences within the statutory limits prescribed by the legislature." *State v. Pflepsen,* 590 N.W.2d 759, 764 (Minn.1999) (alteration in original) (quoting *State v. Olson,* 325 N.W.2d 13, 17 (Minn.1982)). Payment of restitution is a sentence that the legislature has authorized courts to impose. Minn.Stat. § 609.10, subd. 1(a)(5) (2010). Under the restitution statute, "[a] victim of a crime has the right to receive restitution as part of the disposition of a criminal charge ... if the offender is convicted." Minn.Stat. § 611A.04, subd. 1(a) (2010). The restitution statute further provides that "[t]he court, in determining whether to order restitution and the amount of restitution, shall consider the following factors: (1) the amount of economic loss sustained by the victim as a result of the offense; and (2) the income, resources, and obligations of the defendant." Minn.Stat. § 611A.045, subd. 1(a) (2010). " 'Shall' is mandatory." Minn.Stat. § 645.44, subd. 16 (2012).

Appellant argues that the district court erred because, rather than considering only the factors listed in Minn.Stat. § 611A.045, subd. 1(a), the district court also considered the role that D.S. played in the confrontation with respondent and reduced the amount of restitution to reflect fault attributed to D.S. Respondent contends that, although the restitution statute requires the district court to consider the economic loss suffered by the victim and the defendant's income, resources, and obligations, the statute does not prohibit the district court from considering additional factors.

Construction of a statute is a legal question, which we review de novo. *State v. Barrientos,* 837 N.W.2d 294, 298 (Minn. 2013). When interpreting a statute, we must first consider "whether the statute's language, on its face, is clear or ambiguous." *State v. Stevenson,* 656 N.W.2d 235, 238 (Minn.2003) (quotation omitted). "A statute is only ambiguous when its language is subject to more than one reasonable interpretation." *Id.* The language in Minn.Stat. § 611A.045, subd. 1(a), could be interpreted to mean that the district court shall consider only the four factors enumerated in the statute when it determines whether to award restitution and the amount of restitution or that the district court shall consider at least those four factors but may consider other factors as well. The statute, therefore, is ambiguous.

The statute directs the district court to consider the victim's economic loss from the offense and the defendant's income, resources, and obligations. The statute does not identify any other factors that shall be considered, and it does not state that other factors may be considered. Generally, when the legislature omits something from a statute, we infer that the omission was intentional. *See City of Moorhead v. Red River Valley Coop. Power Ass'n,* 811 N.W.2d 151, 159 (Minn.App. 2012) (stating "that the expression of one thing is the exclusion of another"), *aff'd,* 830 N.W.2d 32 (Minn.2013); *see also Northland Country Club v. Comm'r of*

*Taxation,* 308 Minn. 265, 271, 241 N.W.2d 806 809 (1976) (stating that omission of phrase from statute is presumed deliberate). Consequently, because the statute identifies only four factors that the district court shall consider, and nothing suggests that these factors may be considered along with other factors that the district court finds to be relevant, we conclude that the legislature intentionally omitted any other factors, and the district court should not have considered the victim's fault when determining the amount of restitution. *See Wallace v. Comm'r of Taxation,* 289 Minn. 220, 230, 184 N.W.2d 588, 594 (1971) (stating that "courts cannot supply that which the legislature purposely omits or inadvertently overlooks").

## DECISION

Because the district court should not have considered the victim's fault when determining the amount of restitution, we reverse the restitution award and remand to permit the district court to consider only the factors identified in Minn.Stat. § 611A.045, subd. 1(a), when determining the amount of restitution.

**Reversed and remanded.**