OPINION
WRIGHT, Justice.
In this case, we consider whether Minn. Stat. § 611A.045, subd. 1 (2014), provides an exclusive list of factors for a district court to consider when determining the amount of restitution to award to a crime victim. Concluding that the language of section 611A.045, subdivision 1, does not prohibit consideration of the victim’s fault, the district court awarded the victim only half of the employment-related expenses that he sought because the victim was the initial aggressor. The court of appeals reversed, and we granted review. Because section 611A.045, subdivision 1, provides an exclusive list of factors for determining the amount of restitution to award, we affirm the decision of the court of appeals.
I.
Brandon Wayne Riggs was at a gas station in Minnesota City when he was approached by the victim, D.S. The victim confronted Riggs about the quality of the marijuana that Riggs had sold him several months earlier. Riggs left the gas station, but the victim followed Riggs and then attacked him. Riggs drew a knife and stabbed the victim twice, inflicting serious injuries.
The State charged Riggs with second-degree assault, MinmStat. § 609.222, subd. 1 (2014), and terroristic threats, Minn.Stat. § 609.713, subd. 1 (2014). Pursuant to a plea agreement, Riggs pleaded guilty to the terroristic threats offense, and the State dismissed the assault charge. The victim filed a request for restitution, including the cost of hiring an employee to help the victim perform his job while his injuries healed.
At the restitution hearing, the State sought $2,973.07 for the victim’s employment-related expenses.[1] Riggs urged the district court to order half of the amount of restitution requested for employment-related expenses because the victim was the initial aggressor.[2] The State objected on the ground that the victim’s fault is not *682 included in the exclusive list of factors for determining the amount of restitution to award in Minn. Stat. § 611A.045, subd. 1. After considering Riggs’s “lack of income and inability to pay, .the gravity of the injuries suffered by [the victim], and [the victim’s] role as the aggressor in the conflict,” the district court ordered Riggs to pay half of the victim’s employment-related expenses. The district court reasoned that it was not an abuse of its “broad discretion to reduce the amount of restitution requested by apportioning some of the fault for the victim’s injuries to the victim if the victim was the aggressor in the conflict.”
The State appealed, and the court of appeals reversed. State v. Riggs, 845 N.W.2d 236, 239 (Minn.App.2014). Citing Northland Country Club v. Comm’r of Taxation, 308 Minn. 265, 271, 241 N.W.2d 806, 809 (1976), the court of appeals explained that the omission of a phrase from a statute is presumed to be deliberate. Riggs, 845 N.W.2d at 238-39. The court of appeals reasoned that section 611A.045, subdivision 1, directs the district court to consider the victim’s economic loss from the offense and the defendant’s income, resources, and obligations. Id. at 238. Because the statute does not identify any other factors or provide that other factors may be considered, the court of appeals reversed the district court’s restitution award and remanded with instructions to the district court to consider only the factors identified in section 611A.045, subdivision 1, when determining the amount of restitution. Id. at 239. We granted Riggs’s petition for review.
II.
Riggs argues that the court of appeals erred in its interpretation of section 611A.045, subdivision 1, because the court of appeals construed the phrase “shall consider” as “shall only consider.” In doing so, Riggs argues, the court of appeals added a word that was omitted by the Legislature.
Statutory interpretation presents a question of law, which we review de novo. State v. Jones, 848 N.W.2d 528, 535 (Minn.2014). Our objective in statutory interpretation is to “effectuate the intent of the legislature.” Id.; Minn.Stat. § 645.16 (2014). If the Legislature’s intent is discernible from the statute’s plain and unambiguous language, the letter of the law shall not be disregarded under the pretext of .pursuing its spirit. Citizens State Bank Norwood Young Am. v. Brown, 849 N.W.2d 55, 60 (Minn.2014). A statute is ambiguous when its language is subject to more than one reasonable interpretation. State v. Mauer, 741 N.W.2d 107, 111 (Minn.2007)., The first question in our statutory interpretation analysis, therefore, is whether the statute’s language is ambiguous. State v. Peek, 773 N.W.2d 768, 772 (Minn.2009).
When determining whether the language of a statute is ambiguous, we consider the canons of interpretation listed in Minn. Stat. § 645.08 (2014).[3] One such canon provides that “words and phrases are construed according to rules of grammar and according to their common and approved usage.” Minn.Stat. § 645.08(1); State v. Irby, 848 N.W.2d 515, 525 (Minn. *683 2014). Other factors exist, however, that are appropriate to consider when determining whether a statute is ambiguous. Notably, we construe a statute as a whole and interpret its language to give effect to all of its provisions. Christianson v. Henke, 831 N.W.2d 532, 537 (Minn.2013) (stating that “[mjultiple parts of a statute may be read together so as to ascertain whether the statute is ambiguous”); State v. Gaiovnik, 794 N.W.2d 643, 647 (Minn.2011) (“[W]e do not examine different provisions [of a statute] in isolation”). Put differently,
[w]e apply the fundamental rule of statutory construction that a statute is to be read and construed as a whole so as to harmonize and give effect to all its parts. Moreover, various provisions of the same statute must be interpreted in the light of each other, and the legislature must be presumed to have understood the effect of its words and intended the entire statute to be effective and certain.
Van Asperen v. Darling Olds, Inc., 254 Minn. 62, 73-74, 93 N.W.2d 690, 698 (1958). Thus, “[i]f the Legislature’s intent is clear from the statute’s plain and unambiguous language, then we interpret the statute according to its plain meaning without resorting to the canons of statutory construction.” [4] State v. Rick, 835 N.W.2d 478, 482 (Minn.2013); Laase v. 2007 Chevrolet Tahoe, 776 N.W.2d 431, 434 (Minn.2009).
With the canons of interpretation as our guide, we consider the statutory language in question. Section 611A.045, subdivision 1, provides in pertinent part:
The court, in determining whether to order restitution and the amount of the restitution, shall consider the following factors:
(1) the amount of economic loss sustained by the victim as a result of the offense; and
(2) the income, resources, and obligations of the defendant.
MinmStat. § 611A.045, subd. 1(a). In our past consideration of section 611A.045, subdivision 1, we have focused primarily on the issues of the economic loss sustained by the victim and the ability of the defendant to pay. See State v. Johnson, 851 N.W.2d 60, 64-65 (Minn.2014) (concluding that the State did not meet its burden of establishing the amount of damage the defendant caused to the victim’s car); State v. Lindsey, 632 N.W.2d 652, 663-64 (Minn.2001) (concluding that the restitution amount imposed by the district court was not an abuse of discretion in light of the defendant’s ability to pay); State v. Tenerelli, 598 N.W.2d 668, 672 (Minn.1999) (concluding that the district court was within its discretion by ordering restitution for the cost of a healing ceremony); State v. Maidi, 537 N.W.2d 280, 285-86 (Minn.1995) (concluding that district courts have flexibility to structure restitution orders that consider a defendant’s ability to pay). We also have considered whether a district court may im *684 pose a restitution amount greater than the monetary parameters of the offense for which the defendant was convicted. State v. Terpstra, 546 N.W.2d 280, 281-83 (Minn.1996). But we have not determined whether the two express factors in section 611A.045, subdivision 1, comprise an exclusive list of the factors that a district court may consider when imposing restitution.
Riggs argues that the plain meaning of the statute allows the district court to consider the victim’s fault for two reasons. First, the statute lacks language that expressly limits consideration to the two factors provided. And second, the phrase “as a result of the offense” allows the district court to consider the circumstances surrounding the offense, such as the victim’s role in the offense.[5] Riggs’s argument, however, leads to a conclusion that is contrary to the plain meaning of section 611A.045, subdivision 1.
The plain and ordinary meaning of section 611A.045, subdivision 1, leads to the conclusion that, when ordering restitution, the district court erred by considering factors other than those set forth in the statute. The Legislature expressly provided two factors for the district court to consider, using the language “shall consider the following factors.” Minn.Stat. § 611A.045, subd. 1. The statute does not include language that would support Riggs’s argument, such as “the district court shall consider at least the following factors,” “among the factors that the district court shall consider are,” or any other combination of words that would give the district court discretion to consider additional factors. Moreover, by using a definite article in the phrase, “the following factors,” id. (emphasis added), the statute limits the district court to consideration of the express factors, State v. Hohenwald, 815 N.W.2d 823, 830 (Minn.2012).
We held in Hohenwald that “[t]he definite article ‘the’ is a word of limitation that indicates a reference to a specific object.” 815 N.W.2d at 830. Therefore, the factors expressly included in the subdivision are the “specific objects” to which the definite article “the” refers. Use of the term “the” in section 611A.045, subdivision 1, precludes the consideration of factors not expressly included in this subdivision. Our interpretation here is consistent with our analysis in In re N.J.S., 753 N.W.2d 704 (Minn.2008). There, we concluded that the phrase “shall consider the following factors” in Minn.Stat. § 260B.125, subd. 4 (2014),[6] resulted in an “exclusive list of factors that a court may consider.” 753 N.W.2d. at 710 n. 3; cf. Gaiovnik, 794 N.W.2d at 651 (concluding that a district court need not consider whether a victim requested restitution because “the Legislature did not include a victim’s request for restitution among the factors the court was required to consider”).
*685 Our conclusion that the plain language of section 611A.045, subdivision 1, provides an exclusive list of factors for determining the amount of restitution to award also is supported by an analysis of the surrounding statutory provisions. In Minn.Stat. § 611A.04 (2014), the Legislature expressly created a nonexclusive list by stating that “[a] request for restitution may include, but is not limited to, any out-of-pocket losses resulting from the crime.” (Emphasis added.) But in section 611A.045, subdivision 1, the Legislature included no such language, despite its clearly evident ability to do so.
Additionally, several sections later in chapter 611A, the Legislature addressed the contributory misconduct of the victim — the same factor that Riggs seeks to add to section 611A.045, subdivision 1. See Minn.Stat. § 611A.54 (2014). Section 611A.54 offers instructions for determining the amount of reparations to which crime victims are entitled.[7] Important for our analysis is section 611A.54(2), which provides that “reparations shall be denied or reduced to the extent, if any, that the board deems reasonable because of the contributory misconduct of the claimant or of a victim through whom the claimant claims.” Minn.Stat. § 611A.54(2). Thus, within the same chapter, the Legislature expressly included the victim’s fault as a relevant factor in the reparations context, but it did not include the victim’s fault as a relevant factor in the restitution context. Without more, we cannot glean from the Legislature’s omission its intention to include an unstated factor.
In sum, after considering the common and approved meaning of the words used in section 611A.045, subdivision 1, and the surrounding statutory provisions, we conclude that the Legislature’s intent is discernible from the statute’s plain and unambiguous language. The Legislature intended to provide an exclusive list of factors for determining the amount of restitution to award when it enacted section 611A.045, subdivision 1.
III.
Riggs argues alternatively that, even if section 611A.045, subdivision 1, provides an exclusive list of factors for determining the amount of restitution to award, the victim’s role as the initial aggressor was properly considered as part of the first factor in subdivision 1(a), which requires a district court to consider “the amount of economic loss sustained by the victim as a result of the offense.” We disagree.
Riggs contends that the phrase “as a result of the offense” allows a district court to consider “the circumstances of the offense and the victim’s role.” However, Riggs’s contention is inconsistent with the plain language of section 611A.045, subdivision 1. Black’s Law Dictionary defines “offense” as “[a] violation of the law; a crime, often a minor one.” Black’s Law Dictionary 1250 (10th ed.2014). The verb “result” is defined as “[t]o happen as a consequence.” The American Heritage *686 Dictionary 1497 (5th ed.2011). The associated noun “result” means “[s]omething that follows naturally from a particular action, operation, or course; a consequence or outcome.” Id. Subdivision. 1(a) therefore plainly requires the district court to consider the economic loss sustained by the victim as a consequence of the defendant’s violation of the law.[8] The reasons underlying Riggs’s decision to violate the law are not material. Importantly, Riggs does not claim that the victim engaged in any post-offense conduct that increased the victim’s economic loss. To summarize, a victim’s role as an initial aggressor may not be considered when determining the amount of restitution to award for economic loss sustained by the victim as a result of the offense.
In light of our interpretation of section 611A.045, subdivision 1, according to the plain and ordinary meaning of its words, we conclude that the district court erred by considering factors beyond those expressed in this statutory provision when awarding restitution. Therefore, we affirm the decision of the court of appeals and remand to the district court for further proceedings consistent with this opinion.
Affirmed.

. The State also sought restitution of $113.40 for the victim’s medical expenses and $100 for property damage. The district court’s decision to grant those restitution requests is not at issue here.

. Riggs has not at any point in these proceedings disputed that restitution is appropriate. The amount, not the fact, of restitution is the central issue here.

. We have distinguished between the "canons . of interpretation" in section 645.08 and other canons, described as "canons of construction” that may be considered only after concluding that a statute is ambiguous. Laase v. 2007 Chevrolet Tahoe, 776 N.W.2d 431, 435 (Minn.2009); see State v. Nelson, 842 N.W.2d 433, 445 (Minn.2014) (Dietzen, J., dissenting) ("We use the ‘canons of interpretation’ set forth in section 645.08 to determine the threshold issue of whether the statutory language is unambiguous.”).

. Some of the “canons of construction” are listed in section 645.16, which provides in relevant part:
When the words of a law are not explicit, the intention of the legislature may be ascertained by considering, among other matters:
(1) the occasion and necessity for the law;
(2) the circumstances under which it was enacted;
(3) the mischief to be remedied;
(4) the object to be attained;
(5) the former law, if any, including other laws upon the same or similar subjects;
(6) the consequences of a particular interpretation;
(7) the contemporaneous legislative history; and
(8) legislative and administrative interpretations of the statute.
Minn.Stat. § 645.16.

. The parties do not dispute that the victim's economic loss occurred “as a result of the offense.” Unlike the dissent of Justice Page, we do not interpret this language to mean "the offense of conviction.” See Rohmiller v. Hart, 811 N.W.2d 585, 591 (Minn.2012) (“We cannot supply that which the legislature purposely omits or inadvertently overlooks.” (internal quotation marks omitted)).

. Minnesota Statutes § 260B.125, subd. 4, lists six factors that a court must consider when determining whether to certify a child for adult prosecution. Subdivision 4 provides: "In determining whether the public safety is served by certifying the matter, the court shall consider the following factors....” Minn.Stat. § 260B.125, subd. 4 (emphasis added). Similarly, the statute at issue here, section 611A.045, subdivision 1, provides, “The court, in determining whether to order restitution and the amount of the restitution, shall consider the following factors: (1) the amount of economic loss....” Minn.Stat. § 611A.045, subd. 1 (emphasis added).

. Victims of crimes may file claims for reparations with the Crime Victims Reparations Board. See Minn.Stat. § 611A.53, subd. 2(5) (2014). The Crime Victims Reparations Board is a program of the Department of Public Safety and receives funding for reparations from the state. Minn.Stat. §§ 611A.55, subd. 1, 611A.612 (2014). A victim may receive reparations equal to the victim’s economic loss that resulted from injury or death caused by a crime. Minn.Stat. §§ 611A.52, subd. 8, 611A.54 (2014). If a victim recoups economic loss from a collateral source, such as restitution paid by the offender, the reparations amount for which the victim is eligible decreases. Minn.Stat. §§ 611A.52, subd. 5(1), 611A.54G) (2014).

. The dissent of the Chief Justice argues that "alternative causation arguments are part of the typical causation analysis.” However, contributory negligence is a defense in cases only where the action is founded on the negligence of the defendant. Lambrecht v. Schreyer, 129 Minn. 271, 274, 152 N.W. 645, 646 (1915). It is not a defense in an action for assault. Id..; see also Victory. Sell, 301 Minn. 309, 315, 222 N.W.2d 337, 341 (1974) (negligence on the part of the plaintiff is not a defense to an intentional tort); Restatement (Second) of Torts § 481 (2006) (explaining that a plaintiff’s contributory negligence does not bar recovery against a defendant for a harm caused by conduct of the defendant that is wrongful because it is intended to cause harm to some legally protected interest of the plaintiff or a third person). Moreover, the Legislature has not provided for comparative fault in the context of restitution, unlike in • other areas of law, such as civil liability and reparations. See Minn.Stat. §§ 604.01, subd. 1 (diminishing civil damages "in proportion to the amount of fault attributable to the person recovering”), 611A.54(2) (providing for a reduction in reparations for contributory misconduct of a victim) (2014).