HALBROOKS, Judge
Appellant challenges the district court's grant of summary judgment to respondent, arguing that the district court erred in determining that he could be required to register as a predatory offender, that his due-process rights were not violated, and that equitable estoppel does not apply. We affirm.
*605 FACTS
On March 4, 1997, appellant Michael Anthony Thibodeaux was charged as a juvenile with fourth-degree criminal sexual conduct. Following a detention hearing, the district court found probable cause for the charge. On March 20, the state charged Thibodeaux with fifth-degree criminal sexual conduct. The charge was based on the same incident and contained an identical probable-cause statement but was filed in a new petition. As part of a plea agreement, Thibodeaux admitted the charge of fifth-degree criminal sexual conduct and the district court dismissed the petition with the fourth-degree charge. The district court did not order Thibodeaux to register as a predatory offender. In December 1997, Thibodeaux was certified as an adult and convicted of fourth-degree assault. Following that conviction, the district court ordered that Thibodeaux was required to register as a predatory offender based on the fifth-degree criminal-sexual-conduct adjudication.
On April 24, 2017, Thibodeaux filed this lawsuit against respondent Drew Evans in Evans's official capacity as Superintendent of the Minnesota Bureau of Criminal Apprehension (BCA). Thibodeaux alleged that, by requiring him to register as a predatory offender, Evans violated his due-process rights and that Evans was estopped from requiring him to register based on his 1997 plea agreement. Both parties moved for summary judgment, and the district court granted summary judgment to Evans. This appeal follows.
ISSUES
I. Did the district court err in determining that Thibodeaux was required to register as a predatory offender because he was charged with a predatory offense?
II. Did the district court err in determining that Thibodeaux's substantive due-process rights were not violated?
III. Did the district court err in determining that Thibodeaux's procedural due-process rights were not violated?
IV. Does the doctrine of equitable estoppel apply?
ANALYSIS
I.
Minn. Stat. § 243.166, subd. 1b(a)(1), requires that a person register as a predatory offender if he has been convicted or adjudicated delinquent of an enumerated offense or charged with such an offense and "convicted of or adjudicated delinquent for that offense or another offense arising out of the same set of circumstances." The listed offenses include fourth-degree criminal sexual conduct. Minn. Stat. § 243.166, subd. 1b(a)(1)(iii). Thibodeaux argues that he was not charged with a predatory offense and therefore cannot be required to register. This presents a question of statutory interpretation, which we review de novo. State v. Riggs , 865 N.W.2d 679, 682 (Minn. 2015).
Thibodeaux was initially charged with fourth-degree criminal sexual conduct, an offense requiring registration under Minn. Stat. § 243.166, subd. 1b(a)(1). As part of a plea agreement, Thibodeaux admitted the charge of fifth-degree criminal sexual conduct and the petition charging him with fourth-degree criminal sexual conduct was dismissed. Thibodeaux argues that, because the entire petition, rather than just a charge, was dismissed, that he "can no longer be designated as having been 'charged' with an offense." But he does not cite any Minnesota law to support this argument.
*606 The statutory language does not require that the charged offense and ultimate conviction or adjudication be in the same petition. Rather, the statute requires that the charged offense and adjudication arise "out of the same set of circumstances." Minn. Stat. § 243.166, subd. 1b(a)(1). Here, the fourth-degree and fifth-degree charges plainly arose out of the same set of circumstances. The petitions contain identical probable-cause statements. And although the charges were in separate petitions, the record makes it clear that Thibodeaux pleaded guilty to fifth-degree criminal sexual conduct as part of a plea agreement to resolve the fourth-degree charge.
In State v. Lopez , the Minnesota Supreme Court addressed the requirement to register based on a dismissed charge. 778 N.W.2d 700, 705 (Minn. 2010). The supreme court observed that the requirement to register for those who are "merely charged with predatory offenses" was meant to "ensure that true predatory offenders cannot plead out of the registration requirements." Id. at 704. The supreme court determined that a defendant can be required to register based on a dismissed charge if the charge was supported by probable cause. Id. at 703. When the state initially charged Thibodeaux with fourth-degree criminal sexual conduct, the district court determined that the charge was supported by probable cause. Thus, Thibodeaux was charged with a registration offense and that charge was supported by probable cause. He reached a plea agreement to resolve that charge and was ultimately adjudicated delinquent of an offense arising out of the same set of circumstances. On this record, the district court did not err in determining that Thibodeaux had been charged with an offense requiring registration.
II.
Thibodeaux argues that the predatory-offender registration statute is unconstitutional because it violates his right to substantive due process. The constitutionality of a statute is a question of law, which we review de novo. State v. Ness , 834 N.W.2d 177, 181 (Minn. 2013). Appellate courts exercise their power to declare statutes unconstitutional "with extreme caution and only when absolutely necessary." In re Haggerty , 448 N.W.2d 363, 364 (Minn. 1989). The challenging party must demonstrate beyond a reasonable doubt that the statute is unconstitutional. Soohoo v. Johnson , 731 N.W.2d 815, 821 (Minn. 2007).
The Due Process Clauses of the United States and Minnesota Constitutions prohibit "certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." Zinermon v. Burch , 494 U.S. 113, 125, 110 S.Ct. 975, 983, 108 L.Ed.2d 100 (1990) (quotation omitted). If a statute implicates a fundamental right, "the state must show a legitimate and compelling interest for abridging that right." Boutin v. LaFleur , 591 N.W.2d 711, 716 (Minn. 1999). When a statute does not implicate a fundamental right, the statute must "provide a reasonable means to a permissible objective." Id.
Thibodeaux argues that the predatory-offender statute implicates and infringes upon his fundamental right to liberty. In Boutin , the supreme court held that the predatory-offender registration statute did not violate substantive due process because it did not implicate a fundamental right and was rationally related to "the legitimate state interest of solving crimes." Id. at 718. Thibodeaux argues that, since Boutin was decided, "much has changed" and asks that we determine that the statute implicates his fundamental right to liberty.
*607 Thibodeaux argues that since the Boutin decision in 1999, a series of local community ordinances have been enacted that severely restrict the rights of a registered predatory offender. Thibodeaux generally alludes to the local ordinances and asserts that they "implicate the fundamental rights of those who are required to register as predatory offenders." But he does not argue that any of the ordinances have affected him personally. Thus, he has not shown that he has suffered an injury from these ordinances, which he must do to challenge the constitutionality of this statute. See Paulson v. Lapa, Inc. , 450 N.W.2d 374, 380 (Minn. App. 1990), review denied (Minn. Mar. 22, 1990) (stating that an individual challenging a statute's constitutionality must show that he has sustained or is in immediate danger of sustaining a direct injury resulting from the statute's enforcement).
Thibodeaux next argues that the predatory-offender statute violates his fundamental right to interstate travel. We have explicitly rejected this argument. State v. Munger , 858 N.W.2d 814, 823-24 (Minn. App. 2015), review denied (Minn. Mar. 25, 2015). In Munger , we noted that the appellant did "not argue that the statute burdens his right to enter and leave another state or his right to be treated as a welcome visitor in other states." Id. at 824. We observed that the statute "only imposes the requirement that the offender give written notice of his new primary address to the designated registration agencies." Id. at 823. We concluded that the appellant had "not demonstrated that the registration statute infringes on his fundamental right to interstate travel." Id. at 824. Thibodeaux's argument that the statute violates his fundamental right to interstate travel is based on the same registration requirements at issue in Munger that we previously rejected.
Finally, Thibodeaux argues that the predatory-offender statute violates the fundamental right of an individual "to marry and live with their family." This argument is based on a separate statute that requires a supervising agency to authorize a registered offender to live in a household with children and requires local law enforcement to notify the appropriate child-protection agency. Minn. Stat. § 244.057 (2018). Thibodeaux does not allege that he was personally affected by this requirement, but generally alleges that the statute infringes his fundamental right to live with his family. The statute provides that "[a] corrections agency supervising an offender required to register ... shall notify the appropriate child protection agency before authorizing the offender to live in a household where children are residing." Id. The statute does not prohibit him from living in a household with children, it simply requires that the appropriate child-protection agency be notified. In that sense, it is similar to the requirement that he provide notice if he moves out of state. The statute creates an additional notice requirement but does not ultimately infringe upon his rights.
On this record, we conclude that the district court did not err in determining Thibodeaux's substantive due-process rights were not violated. Thibodeaux has not shown that the statute infringes upon a fundamental right, and, therefore, the statute is subject to rational-basis review. Boutin , 591 N.W.2d at 716. And the supreme court has already determined that the predatory-offender statute is rationally related to "the legitimate state interest of solving crimes." Id. at 718.
III.
Thibodeaux next argues that the predatory-offender statutes violate his procedural due-process rights. "When procedural *608 due process is at issue, [this court] must first determine whether a protectable liberty interest is at stake." Boutin , 591 N.W.2d at 718. If the interest at stake is a person's reputation, a complainant must demonstrate a loss of reputation coupled with the loss of some other tangible interest-the "stigma-plus" test. Id. (citing Paul v. Davis , 424 U.S. 693, 701-02, 96 S.Ct. 1155, 1160-61, 47 L.Ed.2d 405 (1976) ).
In Boutin , the supreme court held that being labeled a predatory offender is injurious to one's reputation and satisfies the "stigma" requirement of the stigma-plus test. Id. But the supreme court determined that the requirements imposed by the statute did not satisfy the "plus" requirement of the stigma-plus test. Id. The supreme court rejected the argument that complying with the requirements of the registration statute constitutes the loss of a recognizable interest. Id. The supreme court concluded that "there is no recognizable interest in being free from having to update address information" and that such a minimal burden is insufficient to satisfy the "stigma-plus" test. Id. Consequently, the supreme court held that the registration statute does not violate the registrant's right to procedural due process. Id. at 719.
Thibodeaux argues that, since Boutin , the legislature has substantially expanded the predatory-offender registration requirements. In addition to the local ordinances discussed above, Thibodeaux argues that the registration requirements now include updating law enforcement with information concerning vehicles, the address of employers and schools, informing health-care facilities of a predatory-offender status, providing law enforcement with fingerprints, and signing a release of information if living in a treatment facility, residential unit, or shelter. While the registration requirements have been expanded since Boutin was decided, it remains controlling precedent. The restrictions at issue are ultimately registration requirements that pose a "minimal burden" on the registrant. Id. Consequently, these changes to the registration requirements do not sufficiently burden Thibodeaux's liberty interest to constitute a due-process violation.
IV.
Thibodeaux argues that the doctrine of equitable estoppel bars Evans and the BCA from requiring him to register as a predatory offender. To establish a claim of equitable estoppel against a government entity, a party must establish four elements. City of North Oaks v. Sarpal , 797 N.W.2d 18, 25 (Minn. 2011). First, the party must show wrongful conduct on the part of an authorized government agent. Id. Second, the party must show that he reasonably relied on the wrongful conduct. Id. Third, the party must show that he incurred "a unique expenditure in reliance on the wrongful conduct." Id. Fourth, "the balance of the equities must weigh in favor of estoppel." Id. Equitable estoppel is not available "where there is an adequate remedy at law available." ServiceMaster of St. Cloud v. GAB Bus. Servs., Inc. , 544 N.W.2d 302, 305 (Minn. 1996).
The district court determined that equitable estoppel did not bar the BCA from requiring Thibodeaux to register as a predatory offender because Thibodeaux did not rely on any statements made by the BCA and there was no wrongful conduct on the part of the BCA because it properly administered Minn. Stat. § 243.166 (2018). Thibodeaux's claim of equitable estoppel is based on his assertion that, as part of the plea agreement, the prosecutor agreed that he would not be required to register as a predatory offender.
Thibodeaux argues that the wrongful conduct on behalf of the prosecutor may be *609 attributed to the BCA because they are both part of the executive branch. But the supreme court has observed that, "[a]s a general rule, for equitable estoppel to lie, the plaintiff must demonstrate that the defendant, through his language or conduct, induced the plaintiff to rely, in good faith, on this language or conduct to his injury, detriment or prejudice." Ridgewood Dev. Co. v. State , 294 N.W.2d 288, 292 (Minn. 1980). Here, Evans is the defendant in his official capacity as superintendent of the BCA. And Thibodeaux has not alleged any wrongful conduct on the part of Evans or an authorized agent of the BCA. As the district court observed, the BCA properly administered the requirements of the predatory-offender statute. Accordingly, the district court properly determined that equitable estoppel did not apply because Thibodeaux failed to allege any wrongful conduct on the part of Evans or the BCA.
DECISION
Thibodeaux was charged with an offense that required him to register as a predatory offender under Minn. Stat. § 243.166, subd. 1b. Because the charge was supported by probable cause and because he was adjudicated delinquent for another offense arising out of the same set of circumstances, the district court did not err in determining that he was charged with an offense requiring registration. Thibodeaux has not established that the registration requirement violates his rights to substantive and procedural due process. And because he has not established any wrongdoing on the part of Evans or the BCA, the district court did not err in determining that equitable estoppel does not apply.
Affirmed.