STATE OF MINNESOTA

IN SUPREME COURT

A23-0571

Court of Appeals

Moore, III, J.
Took no part, Gaïtas, J.

State of Minnesota,

Respondent,

vs.

Paul Scott Seeman,

Filed: September 24, 2025
Office of Appellate Courts

Appellant.

_____

Keith Ellison, Attorney General, Saint Paul, Minnesota; and

Brian M. Mortenson, Rice County Attorney, Sean R. McCarthy, Assistant County Attorney, Faribault, Minnesota, for respondent.

Cathryn Middlebrook, Chief Appellate Public Defender, Roy G. Spurbeck, Assistant Public Defender, Saint Paul, Minnesota, for appellant.

_____

S Y L L A B U S

1.      To satisfy the offender's initial burden of production under Minnesota Statutes section 611A.045, subdivision 3 (2024), an affidavit challenging a restitution award must specify, for each item, whether the challenge pertains to the amount of loss supporting the award, to the appropriateness of awarding restitution for that item, or both.

2.      A remand to district court is appropriate to allow the parties to comply with our interpretation of Minn. Stat. § 611A.045, subdivision 3 (2024).

Affirmed in part, reversed in part, and remanded.

1

MOORE, III, Justice.

The question in this case is whether appellant Paul Scott Seeman's challenges to four awards of restitution were sufficiently detailed to place the burden on the State to prove the amount of loss supporting those awards. In 2022, a jury found Seeman guilty of 29 criminal offenses, including racketeering, theft, receiving stolen property, and falsifying information. The district court convicted Seeman of these offenses and sentenced him to 117 months in prison for racketeering. The district court also granted awards of restitution to 13 victims. Seeman filed an affidavit that challenged each award. After a hearing, the district court vacated the four awards relevant to the present appeal,[1] based on its determination that the State had not met its burden of proving the amount of loss sustained by the victims.

The State appealed, and the court of appeals reinstated the four awards. *State v. Seeman*, 5 N.W.3d 171, 178 (Minn. App. 2024). The court of appeals interpreted Minn. Stat. § 611A.045, subd. 3(a) (2024), which addresses the burden of proof in restitution challenges, to require that "the offender's sworn affidavit must, at a minimum, be sufficiently detailed to put the [S]tate on notice that the offender is intending to challenge the amount of loss for that item." *Seeman*, 5 N.W.3d at 178. Because Seeman's affidavit disputed only that the restitution awards were tied to his convictions—and did not dispute the amount of the victims' losses—the court of appeals concluded that the district court

---

[1] The district court also eliminated or modified several other awards of restitution, which are not at issue in the case now before us.

erred in shifting the burden to the State to prove the loss amounts and thus reinstated the awards. Seeman appealed.

We hold that Minn. Stat. § 611A.045, subd. 3(a), requires an offender's affidavit challenging a restitution award to specify whether the challenge is to the eligibility of the item, to the amount of the victim's loss, or both, before the burden shifts to the State to present evidence in response. However, because we acknowledge that some of our prior cases involving this statute could be read as supporting the conclusion that a challenge to an entire item of restitution also encompasses a challenge to the amount of restitution, we conclude that a remand is necessary to allow the parties to comply with the standard articulated in this opinion. *See Fagin v. State*, 933 N.W.2d 774, 781 (Minn. 2019) (remanding to allow the parties to comply with a newly announced pleading standard). We therefore affirm in part, reverse in part, and remand to the district court for further proceedings consistent with this opinion.

## FACTS

In 2022, a Rice County District Court jury found Paul Scott Seeman guilty of 29 criminal charges involving racketeering, theft, receiving stolen property, and falsifying information. Seeman's convictions stemmed from a criminal scheme in which he purchased used vehicles, removed their vehicle identification number plates, affixed those plates to stolen vehicles, and sold the stolen vehicles. The district court sentenced Seeman

to 117 months in prison[2] and ordered Seeman to pay restitution to 13 victims totaling

$124,018.65, based on affidavits the county attorney filed with the court.

Seeman challenged all 13 restitution awards. Four of these awards are at issue in

this case. Seeman's challenges to the four disputed awards are reproduced in full here:

> Restitution should not be awarded to [R.P.S.] in the amount of $880.00. Defendant was not found guilty of breaking a lock, breaking glass or breaking a seat. Further restitution should not be awarded to [R.P.S.] as Defendant is incarcerated, and does not have the ability to pay this restitution.

> Restitution should not be awarded to [J.M.] in the amount 0f $912.00. Defendant was not charged with the theft of chains and straps. Further restitution should not be awarded to [J.M.] because Defendant is incarcerated, and does not have the ability to pay this restitution.

> Restitution should not be awarded to [R.H.] in the amount of $912.00. Defendant was not convicted of damaging tractor or theft of parts. Further restitution should not be awarded to [R.H.] as [R.H.] is deceased and because Defendant is incarcerated, and does not have the ability to pay this restitution.

> Restitution should not be awarded to [M.S.R.S.] in the amount of $91,000.00. The Defendant was convicted of receiving stolen red doors which were valued at $2000.00. Further restitution should not be awarded to [M.S.R.S.] because Defendant is incarcerated, and does not have the ability to pay this restitution.

After holding a hearing on Seeman's restitution challenges, the district court granted

Seeman partial relief. The district court eliminated the four awards that are relevant here

in their entirety, finding that the State failed to carry its burden of proving the loss by a

---

[2]      The district court sentenced Seeman to 117 months in prison for his conviction on count one, racketeering, Minn. Stat. 609.903.1(1) (2012); 15 months in prison for his conviction on count two, perjury, Minn. Stat. § 609.48.1(1) (2012); 15 months in prison for his conviction on count three, receiving stolen property, Minn. Stat. § 609.53.1 (2012), to be served concurrently with his sentence on count two; and to 19 months in prison for his conviction on count 24, receiving stolen property, Minn. Stat. § 609.53.1.

preponderance of the evidence, as required by Minnesota Statutes section 611A.045, subdivision 3(a).[3]

The State appealed. In a precedential opinion, the court of appeals reinstated the four awards.[4] *Seeman*, 5 N.W.3d at 171–72. The court of appeals interpreted Minn. Stat. § 611A.045, subd. 3(a), to require "that the offender's affidavit must be sufficiently detailed to put the [S]tate on notice of each type of challenge being made to a particular item of restitution." *Id.* at 176. The court concluded that, "if an offender intends to challenge the amount of loss for a particular item, the affidavit must state that intent." *Id.* The court of appeals reasoned that "[t]he adjectives chosen by the legislature—that the affidavit must be 'detailed' and include 'all' challenges and reasons—demonstrates the high degree of specificity required of offenders under subdivision 3(a)." *Id.* To reinforce its interpretation, the court of appeals pointed to a recent decision of this court recognizing that challenges to an *item* of restitution and the *amount* of restitution " 'are distinct from one another.' " *Id.* (quoting *State v. Cloutier*, 987 N.W.2d 214, 221 (Minn. 2023)). From this rule, the court of appeals extrapolated "that a challenge to an item of restitution—for

---

[3]     Regarding each of the four restitution challenges that are relevant to this appeal, the district court rejected Seeman's arguments that the restitution claims were not sufficiently related to his convictions. But the district court nevertheless vacated the awards based on the State's failure to meet its burden of proving the amount of restitution owed for those items.

[4]     The four awards eliminated by the district court, but reinstated by the court of appeals, are: (1) R.P.S. for $880; (2) J.M. for $913; (3) R.H. for $2500; and (4) M.S.R.S. for $91,000.

example, on the ground the claimed loss was not caused by the offense—does not encompass a challenge to the amount of the loss." *Seeman*, 5 N.W.3d at 176.

Applying this interpretation to Seeman's affidavit, the court of appeals concluded that Seeman's challenges to four awards had "failed to put the [S]tate on notice of his intent to challenge the amount of restitution ordered." *Id.* at 177. The court of appeals reasoned that although Seeman's four challenges asserted "that 'restitution should not be awarded to [the victim] in the amount of' a dollar sum, the explanation that follows . . . challenges the nexus between the award and Seeman's convictions," rather than providing "details related to the actual amount of loss." *Id.* at 178. The court contrasted the four paragraphs with one of the challenges that the court found to be sufficiently "detailed," which stated that "$2808.96 . . . exceeds the value of the claimed loss." *Id.* Because the court of appeals concluded that the four challenges at issue referred only to the type of restitution, not the amount of loss, the court concluded that Seeman had not met his initial burden, and that the district court therefore erred in shifting the burden to the State. *See id.*

We granted review of Seeman's appeal of the court of appeals' reinstatement of the four restitution awards.

## ANALYSIS

### I.

The central question in this case is whether the district court erred in concluding that Seeman's affidavit was detailed enough to shift the burden to the State to prove the amount of the victims' loss supporting the four challenged restitution awards. "A [district] court abuses its discretion when its decision is based on an erroneous view of the law." *State v.*

6

*Boettcher,* 931 N.W.2d 376, 380 (Minn. 2019) (citation omitted) (internal quotation marks omitted). Whether the district court abused its discretion in concluding that the burden of proof had shifted to the State to prove the amount of loss requires us to interpret the language of Minn. Stat. § 611A.045. Questions of statutory interpretation are questions of law, which we review de novo. *See Cloutier*, 987 N.W.2d at 218. Our aim in statutory interpretation cases "is to effectuate the intent of the legislature." *Id.* (citation omitted) (internal quotation marks omitted). In doing so, we first "determine whether the statute's language, on its face, is ambiguous." *Id.* at 219 (citation omitted) (internal quotation marks omitted). "A statute is ambiguous when its language is subject to more than one reasonable interpretation." *Id.* (citation omitted) (internal quotation marks omitted). We do not examine the disputed statutory language in a vacuum; "rather, all provisions in the statute must be read and interpreted as [a] whole." *Id.* (citation omitted) (internal quotation marks omitted).

A.

We begin with an overview of the laws governing restitution challenges in Minnesota. Minnesota law provides crime victims "the right to receive restitution as part of the disposition of a criminal charge[.]" Minn. Stat. § 611A.04, subd. 1 (2022). District courts have "broad discretion" in awarding restitution in criminal matters, but that discretion "is constrained by the statutory requirements." *State v. Wigham*, 967 N.W.2d 657, 662 (Minn. 2021) (citation omitted) (internal quotation marks omitted). When determining the amount of restitution to award a victim, the statute "provides an exclusive list of factors" that the district court may consider: (1) "the amount of economic loss

7

sustained by the victim as a result of the offense," and (2) the defendant's ability to pay. *State v. Riggs,* 865 N.W.2d 679, 683, 685 (Minn. 2015) (citation omitted) (internal quotation marks omitted); *see also* Minn. Stat. § 611A.045, subd 1(a).

Defendants have the right to challenge orders of restitution.[5] Minn. Stat. § 611A.045, subd. 3(b). To do so, the offender must file a written affidavit challenging the awards, after which the challenge is heard at "sentencing, [a] dispositional hearing, or hearing on the restitution request." *Id.*, subd. 3. The offender must satisfy an initial "burden to produce evidence" if they "intend[] to challenge the amount of restitution or specific items of restitution or their dollar amounts." *Id.*, subd. 3(a)*; see also Cloutier,* 987 N.W.2d at 219 (explaining that an offender "has an initial burden of production" under the statute). The offender must produce "a *detailed* sworn affidavit . . . setting forth *all challenges* to the restitution or items of restitution." Minn. Stat. § 611A.045, subd. 3(a) (emphasis added). The affidavit must "specify[] all reasons justifying dollar amounts of restitution which differ from the amounts requested by the victim or victims." *Id.* Only after the offender satisfies their burden of production does the burden shift to the prosecution to demonstrate, by a preponderance of the evidence, the amount of the victim's loss or the appropriateness of a type of restitution. *See id.*; *Cloutier*, 987 N.W.2d at 219.

We recently explained that Minn. Stat. § 611.045 creates two distinct types of restitution challenges: challenges to "items of restitution" and challenges to "the amount

---

[5] The defendant must "request[] a hearing within 30 days of receiving written notification of the amount of restitution requested, or within 30 days of sentencing, whichever is later." Minn. Stat. § 611A.045, subd. 3(b).

of restitution ordered for specific items." *Cloutier,* 987 N.W.2d at 221. The central issue before us in *Cloutier* was whether Minn. Stat § 611A.045 "imposes a burden of proof [on the State] regarding a defendant's income, resources, and obligations." 987 N.W.2d at 218. In concluding that the statute does not impose such a burden, we analyzed the different categories of restitution challenges that are available under section 611A.045. *Cloutier*, 987 N.W.2d at 220–22. We reasoned that the statute, which establishes an offender's burden to produce evidence to "challenge the amount of restitution *or specific items of restitution* or their dollar amounts . . . makes clear that (1) a defendant can challenge items of restitution and the amount of restitution ordered for specific items and that (2) these challenges are distinct from one another." *Id.* at 221; *see also* Minn. Stat. § 611A.045, subd. 3(a).

## B.

With this backdrop in mind, we now consider whether Seeman's challenges to the four disputed awards were sufficiently detailed under section 611A.045, subdivision 3(a), to shift the burden to the State to provide evidence to prove the amount of loss supporting those four awards. This is an issue of first impression for this court. The statutory language at issue here is the requirement that a defendant satisfy an initial burden of producing:

> a detailed sworn affidavit of the offender setting forth all challenges to the restitution or items of restitution, and specifying all reasons justifying dollar amounts of restitution which differ from the amounts requested by the victim or victims.

Minn. Stat. § 611A.045, subd. 3(a).

The parties offer differing views of what the statute requires, both asserting that this case can be resolved based on the statute's plain language. We therefore must first decide whether either, or both, interpretations are "reasonable." *See Riggs*, 865 N.W.2d at 682.

The State argues that the statute requires defendants "to specify whether they are bringing: (1) a generic legal challenge to the type of restitution; (2) a case-specific challenge to the dollar amount of the loss claimed; or (3) some combination of both." Relying in part on our reasoning in *Cloutier*, 987 N.W.2d at 220–221, in which we identified the distinction under section 611A.045 between challenges to "items of restitution" and challenges to "the amount of restitution ordered for specific items," the State asserts that Seeman's challenges to the causal nexus between his convictions and the restitution items were not sufficient under the statute to shift the burden to the State to prove the amount of loss supporting the awards.

Seeman responds that such a reading would require offenders to provide more detail in their restitution challenges than the Legislature intended. Seeman argues that "if the court of appeals is saying that an offender must always designate whether the objection is to an item of restitution or an amount of restitution . . . this reading ignores that an objection to an item of restitution necessarily is an objection to the amount of total restitution because a successful challenge to the item will reduce the amount of restitution owed." Seeman further asserts that "this [c]ourt's prior caselaw indicates that the level of detail required to support an affidavit is not high." *See, e.g.*, *State v. Palubicki*, 727 N.W.2d 662, 665 n. 3 (Minn. 2007) (concluding that a challenge simply stating that certain expenses were "not allowable" "was sufficiently detailed for purposes of the statute"). Seeman therefore

interprets the statute such that any challenge to a specific item of restitution—even one challenging the causal nexus between the item of restitution and the underlying conviction—is sufficient to shift the burden to the State regarding the amount of loss.

We conclude that the State's interpretation of Minn. Stat. § 611A.045, subd. 3, is reasonable, while Seeman's is not. Minnesota Statutes section 611A.045, subdivision 3(a), states that an offender's affidavit must be "detailed" and present "*all* challenges to the restitution or items of restitution." (Emphasis added.) Moreover, as we explained in *Cloutier*, the statute distinguishes between challenges to "items of restitution" and challenges to "the amount of restitution ordered for specific items." *Cloutier,* 987 N.W.2d at 221. It therefore follows that, for an offender to meet their burden of production and shift the burden of proof to the State, the defendant must specify whether they are alleging that the entire item of restitution is invalid, or that the amount of the victim's loss does not support the amount awarded.

Adopting Seeman's interpretation of the statute, under which a challenge to an entire item of restitution would be sufficient to shift the burden to the State to prove the amount of loss supporting that award, would essentially require us to read the language requiring restitution challenges to meet a certain level of specificity out of the statute. *See Shefa v. Ellison*, 968 N.W.2d 818, 825 (Minn. 2022) (explaining that we "avoid interpretations that would render a word or phrase superfluous, void, or insignificant" (citation omitted) (internal quotation marks omitted)). Because section 611A.045, subdivision 3(a), states that a defendant's affidavit must describe, in detail, "all challenges to the restitution," as well as "all reasons" supporting those challenges—and because the statute differentiates

11

between challenges to a restitution item and to an amount of restitution, *see Cloutier*, 987 N.W.2d at 221—the only reasonable interpretation of the statute is that if an offender wishes to bring both types of challenges, their affidavit must state their intent to do so.[6]

C.

Seeman asserts that even if we agree with the State's interpretation, the four paragraphs in his affidavit challenging the disputed awards nevertheless "raise interrelated challenges: one to the amount and one to the items."  He argues that the first sentence of each paragraph ("[r]estitution should not be awarded to [victim] in the amount of [dollar amount]") is a challenge to "the amount" of restitution, while the second sentence is a challenge to the "items" of restitution.  Seeman argues that in each challenge, he first "objected to the total amount and then . . . contested the value of the item by reference to a lower value—one that came from the complaint and verdict."

We disagree.  We conclude, as the the court of appeals did, that none of the four restitution challenges at issue here stated Seeman's intent to challenge the amount of the

---

[6]     We acknowledge that some of our prior cases involving Minn. Stat. § 611A.045, subdivision 3, could be read as supporting the conclusion that a challenge to an entire item of restitution also encompasses a challenge to the amount of restitution.  For example, in *Palubicki,* when a party challenged an award of restitution through a "blanket assertion" that the recovery of certain costs via restitution was "not allowable," we proceeded to consider whether the State had presented sufficient evidence to justify the amount of restitution ordered for that item.  *See* 727 N.W.2d at 665 n.3.  We now clarify that, to the extent that our reasoning in *Palubicki* or other cases supports the proposition that a challenge to an award of restitution need not state whether it is a challenge to the item of restitution or to the amount of restitution ordered for that item, those statements are now overruled.  That said, the remainder of our analysis and holdings in *Palubicki* are not implicated by our decision here.  *See, e.g.*, *State v. Allison*, 999 N.W.2d 835, 842 (Minn. 2024) (discussing the direct-causation standard from *Palubicki*).

victim's loss supporting those restitution awards. *See Seeman*, 5 N.W.3d at 178. Rather, Seeman challenged only "the nexus between the award and Seeman's convictions." *Id.* Because Seeman did not challenge the amount of loss for those items of restitution, the burden should not have shifted to the State to prove the amount of loss, and the district court erred by concluding otherwise. We therefore hold that the court of appeals correctly construed and applied Minn. Stat. § 611A.045 to Seeman's challenges to restitution.

## II.

We now consider the appropriate procedural outcome. Here, the court of appeals interpreted Minn. Stat. § 611A.045, subd. 3(a), to require a defendant challenging the amount of restitution for a specific item to state their intent to bring such a challenge in order to shift the burden of proving the amount of loss to the State and concluded that Seeman had failed to do so. The court of appeals therefore reversed the district court's order vacating the four disputed awards.

Although we agree that the court of appeals correctly construed and applied Minn. Stat. § 611A.045 to Seeman's restitution challenges, we conclude that it is necessary to remand this case to district court for further proceedings. Because we acknowledge that some of our prior opinions involving Minn. Stat. § 611A.045, subdivision 3 could be read as supporting the conclusion that a challenge to an entire item of restitution also encompasses a challenge to the amount of restitution, "we conclude that a remand to the district court is required to allow the parties to comply with" the rule we articulate today. *See Fagin*, 933 N.W.2d at 781 (remanding to allow the parties to comply with a heightened postconviction pleading standard). We therefore reverse the decision of the court of

13

appeals ordering the four awards of restitution to be reinstated and remand to the district court for further proceedings consistent with our interpretation of section Minn. Stat. § 611A.045, subd. 3(a).

## CONCLUSION

For the foregoing reasons, we affirm in part and reverse in part the decision of the court of appeals and remand to the district court for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

GAÏTAS, J., took no part in the consideration or decision of this case.